In re BLACK.

No. 4313.

District Court, S. D. Ohio, W. D.

May 27, 1936.

Samuel A. Bowman, Conciliation Com'r, of Springfield, Ohio.

George Waite, of Urbana, Ohio, for debtor.

NEVIN, District Judge.

On April 23, 1936, the conciliation commissioner for Clark county, Ohio, filed a certificate in this court, wherein it is recited, among other things, that on January 18, 1936, John A. Black, debtor herein, filed his amended petition under section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203, and that said amended petition was referred to the conciliation commissioner on January 21, 1936. It is further recited that on February 15, 1936, the conciliation commissioner issued an order for indemnity for costs; that up until the date of the filing of the certificate the debtor had continually refused to make indemnity for costs and expenses, on account whereof the conciliation commissioner recommends that debtor's amended petition be dismissed.

On April 29, 1936, the debtor, John A. Black, filed a motion wherein he asks this court to require the conciliation commissioner for Clark county, Ohio, "to take some action in this matter as required by law," or, in the event no action is taken by said conciliation commissioner within a reasonable time, "that the matter be transferred to some other Conciliation Commissioner in said district."

The question now before the court for determination is, whether before proceeding further the conciliation commissioner has the right to require an indemnity against costs and expenses. The proceeding is under section 75 of the Bankruptcy Act and acts amendatory thereof and supplementary thereto (11 U.S.C.A. § 203).

The original section 75 was approved and became effective March 3, 1933 (47 Stat. 1470). It provided: "(b) * * * The conciliation commissioner shall receive as compensation for his services, including all expenses, a fee of $10 for each case docketed and submitted to him, to be paid out of the Treasury." This act was amended June 7, 1934 (48 Stat. 925), to read as follows: "The conciliation commissioner shall receive as compensation for his services, including all expenses, a fee of $25 for each case docketed and submitted to him, to be paid out of the Treasury."

Thus it would seem that under the act as originally approved, and as later amended by the amendment of June 7, 1934, the amount which was allowed to the conciliation commissioner for each case docketed and submitted to him was to and did include all expenses as well as compensation, all to be paid out of the Treasury of the United States.

On August 28, 1935, section 75 was again amended (11 U.S.C.A. § 203 (b). As

so amended and as the act is now in force, it reads as follows: "The conciliation commissioner shall receive as compensation for his services a fee of $25 for each case submitted to him, and when docketed, to be paid out of the Treasury."

Except for a variation in another respect not material here, and the difference in the amount allowed in the original act and now. allowed under the act as amended, there is absolutely no change from the original act—either in its original form or as amended June 7, 1934—in the act as now amended, except that the words "including all expenses" are eliminated.

Under the amendment of June 7, 1934, the only change that was made was that the fee to the conciliation commissioner in each case was increased from $10 to $25—this still "including all expenses." However, under the last amendment, approved August 28, 1935, and now in force, the words "including all expenses" are eliminated, and, as indicated, except for a slight change in verbiage, this is the only change made by the last amendment which is now in force.

This same question in effect was passed on by the United States District Court, Eastern Division, Pennsylvania, August 28, 1935, in a proceeding entitled "In re Coble" and referred to in C.C.H.(Bankruptcy Law Service). 14 F.Supp. ——. In that proceeding, Dickinson, J., speaking for the court, said: "There are really three reasons for halting the proceedings. * * * A third is that the Commissioner has required an indemnity against costs and expenses which neither the debtors nor the creditors will provide. If the Commissioner is required to go on with a proceeding, he will be obliged to incur the preliminary expense of advertising and other things which in the aggregate in the pending cases will reach a sum, the payment of which may be heavy. * * * Under its (the amended Act) provisions the compensation of the Commissioner is paid out of the Treasury but the provision as to the expenses which was in the original Act is not in the provision as amended. This would mean that the expenses are not paid out of the Treasury, and it follows that indemnity could be exacted for this."

█ The court is of the opinion that the conciliation commissioner of Clark county, Ohio, before proceeding further in this cause is entitled to require from the bankrupt, debtor, or other person in whose behalf the duty is to be performed, indemnity for such expense as may be incurred—including reasonable appraisers' fees, if necessary—this expense, however, not to be inconsistent with the provisions of section 75 and its amendments and the expenses allowed to referees under Rule LXVII of this court, and that money advanced for the purpose of such expenses by the bankrupt, debtor, or other person, shall be repaid to such party out of the estate as part of the costs of administering the same in the same manner and upon the same principle as is provided for in No. 10 of the General Orders in Bankruptcy, as amended, promulgated by the Supreme Court of the United States April 17, 1933, effective April 24, 1933 (11 U.S. C.A. following section 53).

█ The motion on behalf of the debtor, John A. Black, is overruled. In reaching this conclusion the court is not unmindful of the provisions of paragraph 4 of subsection (s) of section 75, as amended Aug. 28, 1935 (11 U.S.C.A. § 203 (s) (4), which reads as follows: "No additional fees or costs of administration or supervision of any kind shall be charged to the farmer debtor when or after he amends his petition or answer, asking to be adjudged a bankrupt, under subsection (s) of section 75 of this Act [this subsection], but all such additional filing fees or costs of administration or supervision shall be charged against the bankrupt's estate."

It is the view of the court in arriving at its conclusion that no additional fees or costs of administration are charged against the farmer debtor, but on the contrary, as required herein, they are charged against the estate. All that is done by this ruling is to require that some one indemnify the conciliation commissioner who is not required under the act as now in force to bear these costs and expenses as a part of his compensation to be paid him out of the Treasury of the United States.

The cause is re-referred to the conciliation commissioner of Clark county, Ohio, with instructions that unless the debtor, within thirty days of the filing of the entry herein on this motion, indemnifies the conciliation commissioner for his proper costs and expenses, the conciliation commissioner shall so certify to this court for such action as the court may deem proper in the premises.